JENKINS–ESSEX COMPANY,
INC., Appellant,

v.

Selbert B. DAILEY; John Calhoun Wells,
Commissioner of Labor and Custodian
of Special Fund; Kentucky Workers'
Compensation Board, Appellees.

Selbert B. DAILEY, Cross-Appellant,

v.

JENKINS–ESSEX COMPANY, INC.,
John Calhoun Wells, Secretary Labor
Cabinet (Special Fund), Workers' Com-
pensation Board, Cross-Appellees.

John Calhoun WELLS, Secretary Labor
Cabinet (Special Fund), Appellant,

v.

Selbert B. DAILEY, Jenkins-Essex Co.,
Inc., and The Workers' Compensation
Board, Appellees.

Court of Appeals of Kentucky.

Feb. 21, 1986.

Herman L. Humphrey, Beale & Hum-
phrey, P.S.C., Louisville, for ap-
pellant/cross appellee, Jenkins-Essex Com-
pany, Inc.

Janice R. Jefferson, Elizabethtown, for
cross appellant/appellee, Selbert B. Dailey.

Douglas A. U'Sellis, Labor Cabinet,
Louisville, for appellant/cross appellee,
John Calhoun Wells, Secretary Labor Cabi-
net (Special Fund).

Before COMBS, MILLER and WILHOIT,
JJ.

COMBS, Judge.

This is an appeal and cross-appeal from a
decision of the Hardin Circuit Court, af-

firming in part and reversing in part a ruling by the Workers' Compensation Board.

A careful review of the facts of this case is in order. On June 9, 1978, the claimant Selbert Dailey suffered a fracture of the L–2 vertebrae and a broken pelvis after falling from a roof. The employer settled his workers' compensation claim for $20,000 which translated into a 19% occupational disability. After recovering from the accident, Dailey returned to work. Two years later, Dailey fell through a ceiling and sustained fractures of the ankle and the L–1 vertebrae. Dailey filed a workers' compensation claim for this second injury, claiming he was 100% occupationally disabled.

After hearing the testimony of six doctors and a vocational counselor, the Workers' Compensation Board determined that Dailey was 100% occupationally disabled. The Board dismissed the Special Fund, calculated a 100% total disability award, and ordered the employer to pay 81% of that amount. The Board arrived at this figure by excluding the sum which Dailey received in settlement of his first injury.

The employer appealed the Board decision to the Hardin Circuit Court, alleging that the Board erred in finding Dailey 100% disabled and arguing that the Board should have apportioned part of the liability to the Special Fund. The Court affirmed the Board finding of total disability. However, it reversed and remanded the case to the Board with orders to recalculate the apportionment according to the procedures set forth in *Young v. Fulkerson*, Ky., 463 S.W.2d 118, 120 (1971). The Court also directed the Board to adjust the award under KRS 342.730 if the Board found excess disability on remand. The employer challenges that part of the Court's ruling which affirmed the total disability award, the Special Fund argues that the Board did not err in dismissing it from this action, and the employee asks us to affirm the award of 100% disability.

■ Jenkins-Essex alleges that the Board and the circuit court erred in awarding Dailey 100% occupational disability because the record contains insufficient evidence to support the award. We have examined the record, and we concur with the decision of the Board and the circuit court. The Board's finding of total disability is supported by substantial evidence in the record, so we have no power to disturb the award. *Hush v. Abrams*, Ky., 584 S.W.2d 48 (1979). We affirm that part of the circuit court ruling which affirmed the Board's finding of total disability.

The Special Fund contends that the circuit court erred in remanding the case to the Board with orders to recalculate the apportionment under the principles set out in *Young* and KRS 342.120. According to *Young*, the statute requires the Board to "determine whether the subsequent injury ... independently would have produced the entire disability. If so, there is no apportionment, and the entire liability rests on the employer." 463 S.W.2d at 120.

■ Apportionment is unnecessary under the statute if the Board finds that the subsequent injury alone caused the full disability. In our opinion, the Board's dismissing the Special Fund and imposing the entire liability for the award on the employer implies the finding that the second injury was totally disabling. Under these circumstances, the application of the *Young* formula is inappropriate. We do not view the Board's carving out of the prior award as evidence of preexisting or excess disability. In our opinion, the Board simply excluded the amount which Dailey had already received from his employer in an effort to prevent a double recovery.

In conclusion, we affirm that part of the ruling of the Hardin Circuit Court which affirmed the Board's finding of total disability. We reverse that part of the Court's ruling which reversed and remanded the case to the Board with orders to recalculate the apportionment under the

principles set out in *Young v. Fulkerson,* and to adjust the award under KRS 342.-730(1)(a), (b). This case is remanded to the Hardin Circuit Court with directions to affirm the Board in all respects.

MILLER, J., concurs.

WILHOIT, J., dissents by separate opinion.

WILHOIT, Judge, dissenting.

I dissent from the majority opinion because I believe the circuit court was correct in remanding for apportionment, although I believe the method of apportionment ordered by that court was incorrect.